[No. 26201. *En Banc.* December 4, 1936.]

THE STATE OF WASHINGTON, *on the Relation of Peter T. Panos et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, HOWARD M. FINDLEY, JUDGE, *Respondent.*[1]

*Clarence L. Gere,* for relators.

*Smith & Matthews* and *Carl Zapp,* for respondent.

BEALS, J.—During the month of July, 1935, John Lucas and others filed in the superior court for King county their complaint against Peter T. Panos and George N. Tsiakilos, as copartners and as individuals, asking for judgment in a large amount for goods sold. The complaint contained an allegation to the effect that the defendants were unable to pay their debts in

[1]Reported in 62 P. (2d) 1098.

the usual course of business and were insolvent, and that a receiver should be appointed. At the same time, an order was issued requiring the defendants to show cause why a receiver should not be appointed. To this order, a demurrer was sustained, the order sustaining the demurrer granting leave "to plaintiffs to renew their application for the appointment of a receiver herein at any time." February 25, 1936, a judgment was entered in plaintiffs' favor for the amount sued for, together with costs. This judgment has never been superseded, although a notice of appeal therefrom, supported by a cost bond, was filed.

March 31, 1936, plaintiffs caused to be filed the affidavit of one of their counsel, stating the recovery of judgment; that the defendants were unable to pay their debts in the usual course of business, were insolvent, and had executed a mortgage covering substantially all of their assets, and that the effect of this mortgage would be to hinder, delay and defraud plaintiffs' unsecured creditors, and particularly plaintiffs; that the assets belonging to defendants were in danger of loss and depreciation; and that the appointment of a receiver was necessary for the preservation thereof. On the same day, an order to show cause was issued, requiring defendants to show cause why a receiver should not be appointed. This order was returnable April 9, 1936, and on that day the sheriff of King county made his return "no property found," certifying that he had received

" . . . the annexed writ of execution on the 9th day of April, 1936, and after inquiry I am unable to find any property belonging to the defendants, Peter T. Panos and George N. Tsiakilos, copartners d/b/a Peter Pan Baking Co., in said writ named, subject to execution, sufficient to satisfy the within described judgment, or any part thereof."

It appears that the hearing on the order to show cause was completed April 25, 1936, the court then indicating that the application for the appointment of a receiver would be granted. Thereafter, and before the entry of a formal order, the defendants in the action applied to this court for a writ prohibiting the superior court from appointing a receiver. An order to show cause having been issued therein, full return was made thereto, and the matter is before this court for determination upon the merits, as disclosed by the record.

Relators herein argue that the court has no jurisdiction to appoint a receiver in a simple action at law after the rendition of a money judgment until all strictly legal remedies available to the judgment creditor have been exhausted.

It clearly appears from the record before us that June 18, 1935, relators herein (the judgment debtors) executed and delivered a trust mortgage covering the property used by them in connection with their operation of a bakery, and that thereafter the business has been conducted under the trust. Relators allege that they resisted the application for the appointment of a receiver, relying upon the trust mortgage and the fact that their business had thereunder been operated at a profit, paying all its current obligations and making substantial payments upon other obligations.

■■ It is well settled that a receiver should be appointed only when it clearly appears that a necessity exists for the exercise by the court of that extraordinary remedy. *Ridpath v. Sans Poil etc. Co.*, 26 Wash. 427, 67 Pac. 229; *Bergman Clay Mfg. Co. v. Bergman*, 73 Wash. 144, 131 Pac. 485. In this connection, it must be borne in mind that a different rule applies in an action against a corporation, in such cases the courts more readily exercising their extraordinary powers for

the relief of creditors. Of course, however, the jurisdictional question presented is the same, whether a receiver is sought for a corporation, an individual, or a copartnership.

In the recent case of *Kreide v. Independence League of America, ante* p. 376, we held that, in a case in which a judgment had been rendered in a law action against a corporation, the superior court had, under an order to show cause similar to that here in question, jurisdiction to appoint a receiver, it appearing that the corporation was insolvent and was possessed of some assets.

This being an application for a writ of prohibition, the only question to be determined is that of the jurisdiction of the superior court, as no question concerning the exercise of the court's discretion will be considered in such a proceeding.

In the case at bar, the plaintiffs in the original action had obtained a judgment at law, and the sheriff's return *nulla bona* had been filed.

Rem. Rev. Stat., § 741 [P. C. § 8414], provides for the appointment of a receiver in certain specified cases:

"1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim; . . .

"6. And in such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties: Provided, that no party or attorney or other person interested in an action shall be appointed receiver therein."

There is no essential difference between the procedure which was followed in the case at bar, which procedure we have approved in the case of *Kreide v. Independence League of America, supra,* and that outlined by the statute providing for proceedings supplementary to execution.

We are of the opinion that, after proper service of the order to show cause, as made, the court had jurisdiction to proceed to inquire into the merits of the controversy and appoint a receiver, if the facts disclosed at the hearing justified such action.

Of course, a superior court will be, by this court, prohibited from proceeding only when it clearly appears that the court is proceeding without or in excess of its jurisdiction. No question involving the exercise of judgment or discretion will be reviewed on an application for such an extraordinary writ. An order appointing a receiver is appealable, and on such an appeal all questions involving the propriety of an appointment may be reviewed.

It appearing that the superior court was not proceeding without or in excess of its jurisdiction, the application for a writ of prohibition herein is denied.

MILLARD, C. J., TOLMAN, STEINERT, MITCHELL, HOLCOMB, and GERAGHTY, JJ., concur.

BLAKE, J. (dissenting)—This decision permits a departure from hitherto recognized jurisdiction to appoint receivers. This proceeding is not based on any statutory authority. Prior to the judicature act, English courts had no authority, in law actions, to appoint receivers, either before or after judgment. Jurisdiction to appoint receivers was vested solely in courts of equity, and could be invoked only by a creditor's bill. In *Smith v. Cowell*, 6 L. R. (Q. B. Div.) 75, it is said:

"In this case the plaintiff has recovered judgment and sued out a writ of elegit, but the defendant has no property to which resort can be had to satisfy that judgment, except an equity of redemption. Now if this case had arisen before the Judicature Act, the plaintiff's course would have been clear; he would have had to file a bill in Chancery, claiming to have it declared that by virtue of his judgment he was entitled

to a charge upon the defendant's equity of redemption to the amount of such judgment; and then, upon an application for a receiver being made in the course of such suit, a receiver would have been appointed.''

Again, in *Salt v. Cooper,* 16 L. R. (Ch. Div.) 544, it is said:

''The present motion raises points of great importance . . .

''The first question is, whether, in an action brought in the High Court of Justice, where judgment has been obtained against a debtor . . ., the Court . . . in which the action is brought can give what is called equitable execution, that is, can grant a receiver, on motion only in the original action; . . .

''The question really depends, in my opinion, upon the construction to be put on the *Judicature Act* of 1873; . . .''

In *Kinnear v. Clyne,* 13 Ontario Weekly Reporter 1138, it is said:

''Before the Judicature Act this relief was obtained through an independent suit in Chancery; since then it may be summarily obtained by application in the original action wherein judgment has been given.''

So in this country, prior to the enactment of the codes, jurisdiction for the appointment of receivers was vested solely in equity. High on Receivers (4th ed.), §§ 399, 400, 401; 1 Clark on Receivers (2d ed.), § 216. The latter, quoting from *Neate v. Duke of Marlborough,* 3 My. & Cr. 407, says:

'' 'What gives a judgment creditor a right against the estate of the defendant, is only the act of Parliament, for independently of that he has none. . . . The effect of proceeding under the writ, that is under ordinary execution, is to give to the creditor a legal title, which if no impediment prevents him, he may enforce at law by ejectment.' ''

Further on in the section, the author says:

''In all these cases by ordinary execution process the plaintiff could not get satisfaction of his judgment,

could not get possession of the property because it did not legally belong to the defendant, or was not in his possession. In other words there were legal impediments. Therefore plaintiff comes into a chancery court or a court having chancery jurisdiction not to obtain a greater benefit than the law has given him, but to have the same benefit by the process of the court of chancery which he would have at law if no legal impediment had intervened."

High, in § 401, says:

"Under the New York code of procedure, as well as in many of the states which have adopted the code practice from New York, provision is made for the appointment of receivers on proceedings by judgment creditors 'supplementary to execution,' which proceedings have taken the place of the former creditors' bill."

The sum and substance of the authorities, both decisions and text writers, is that jurisdiction to appoint receivers in such cases is to be found only in the inherent powers of a court of equity (to be invoked by a creditor's bill) or in statutory authority, such as the judicature act or supplementary proceedings such as is provided by the codes. In none of our own cases that I have found has any other procedure been approved.

I cannot agree that the matter of jurisdiction is a matter of form rather than substance. Simply because what is sought here could be gained under supplementary proceedings, is not sufficient to create jurisdiction. As stated in 1 Clark on Receivers, § 216, *supra:* "What gives a judgment creditor a right against the estate of the defendant, is only the act of Parliament, for independently of that he has none."

The power to appoint receivers is drastic and subject to grave abuse. When a creditor invokes it, he should be required to proceed either by bill in equity

or by supplementary proceedings, where the debtor is assured of a full hearing. The creditor in this case not having so proceeded, the writ of prohibition should issue.

MAIN, J., concurs with BLAKE, J.