[No. 32637.    Department One.    December 15, 1953.]

THE STATE OF WASHINGTON, *on the Relation of William A. Gebenini, Plaintiff,* v. CHARLES T. WRIGHT, *as Judge of the Superior Court for Thurston County, Respondent.*[1]

*Brodie, Brodie & Fristoe* and *E. A. Philbrick,* for petitioner.

*The Attorney General* and *E. Albert Morrison, Assistant,* for respondent.

WEAVER, J.—Petitioner, a member of the Washington state patrol, seeks review by a writ of certiorari of the action of

[1]Reported in 264 P. (2d) 1091.

the trial court in sustaining a demurrer to his petition for a writ of prohibition directed to the chief of the Washington state patrol. Upon his failure to plead further, the court dismissed his petition with prejudice.

Respondent moves to quash the writ of certiorari.

■ Review by writ of certiorari is an extraordinary remedy provided by statute. Rem. Rev. Stat., § 1002 [*cf.* RCW 7.16.040]. Its issuance is, to some extent, discretionary. *First Nat. Bank of Everett v. Tiffany*, 40 Wn. (2d) 193, 195, 242 P. (2d) 169 (1952); *North Bend Stage Line v. Department of Public Works*, 170 Wash. 217, 16 P. (2d) 206 (1932); *State ex rel. Wilson v. Kay*, 164 Wash. 685, 687, 4 P. (2d) 498 (1931).

■ Petitioner's affidavit, filed in support of the issuance of the writ, presents a question of the adequacy of appeal in this matter. There is merit to petitioner's claim that he would be irreparably damaged had he sought review by appeal. Under the circumstances, the motion to quash the writ of certiorari is denied.

June 10, 1953, the petitioner was served with an inter-office communication entitled "Notice of Suspension" from the chief of the Washington state patrol. It read in part:

"By authority invested in me as Chief of the Washington State Patrol by 43.43.070 RCW [Section 3, *infra*]· you are hereby *suspended* as of June 11, 1953, *pending the filing of formal charges* to be heard before a trial board of this department. In conformance with the above section of the law, you will be presented with a list of the charges in writing at which time you will be allowed ten days in which to either submit a written resignation or file written notice to waive a hearing. If no such written resignation or written notice to waive a hearing is received, a trial board will be selected in conformance with 43.43.070 RCW, and you will be notified of the date of your appearance before such trial board, to be charged as specified in the written complaint served upon you. . . ." (Italics ours.)

No formal charges were ever filed under the terms of this notice. July 11, 1953, petitioner returned to duty. On that day, he was served with another interoffice communication entitled "Notice of Suspension." It was *identical* with the

first notice served except for the date suspension commenced. In addition, however, he was served with written notice and complaint of the charges preferred against him.

The complaint alleged: that he had appeared in public, while on duty, attired in an improper uniform and unshaven; that his uniform and equipment had not been kept up to the standard prescribed by rules and regulations; that for some months he had failed to submit daily reports promptly and regularly, as required; that for some months he had expressed verbally his dissatisfaction with the operation of the patrol to people other than those in authority; that he had engaged in public political discussions and engaged actively in political organizations during the fall of 1952; and that he had been guilty of disobedience on several described occasions, all contrary to the rules and regulations of the Washington state patrol.

July 16, 1953, the superior court issued an alternative writ of prohibition directed to the chief of the Washington state patrol prohibiting him from holding a public hearing upon the charges as provided in the notice and statute.

July 27, 1953, the superior court sustained a demurrer to the petition for writ of prohibition and dismissed the action.

These facts must be considered in the light of the statutes applicable.

Laws of 1943, chapter 205, § 1, p. 637; Rem. Supp. 1943, § 6362-66; RCW 43.43.050.

"Section 1. Washington State Patrol officers shall be entitled to retain their ranks and positions until death or resignation, or until suspended, demoted, or discharged in the manner hereinafter provided."

Laws of 1943, chapter 205, § 2, p. 637; Rem. Supp. 1943, § 6362-67 [cf. RCW 43.43.060].

"Sec. 2. The Chief of the Washington State Patrol shall have the power and authority to discipline any Washington State Patrol officer by suspending such officer, without pay, for a period of not more than thirty (30) days, and shall have the power to demote any officer holding probationary rank, without preferring charges against such officer, and without the necessity of a hearing."

Laws of 1943, chapter 205, § 3, p. 637; Rem. Supp. 1943, § 6362-68 [*cf.* RCW 43.43.070].

"Sec. 3. Discharge, or demotion of any officer holding non-probationary rank, or suspension for more than thirty (30) days, shall be only for cause, which cause shall be clearly stated in a written complaint, sworn to by the person perferring [*sic*] the charges, and served upon the officer complained of. Upon being so served, any such officer shall be entitled to a public hearing before a trial board  .  .  . "

Laws of 1943, chapter 205, § 4, p. 637; Rem. Supp. 1943, § 6362-69 [*cf.* RCW 43.43.080].

"Sec. 4. Pending such hearing, the Chief of the Washington State Patrol may, in his discretion, suspend the officer complained of, and the officer complained of may, within ten (10) days after being served with the complaint, either submit a written resignation or file written notice of his desire to waive a hearing. In the event that a letter of resignation is submitted, it shall be accepted without prejudice."

Laws of 1943, chapter 205, § 5, p. 638; Rem. Supp. 1943, § 6362-70 [*cf.* RCW. 43.43.090].

"Sec. 5. At any such hearing, the Chief of the Washington State Patrol shall be the presiding officer, and shall make all necessary rulings in the course of the hearing, but shall not be entitled to vote. The complainant and the officer complained of shall have the right to submit evidence and to be represented by counsel, and a full and complete record of the proceedings, and all testimony, shall be taken down by a stenographer. After hearing, the findings of the trial board shall be submitted to the Chief of the Washington State Patrol. Such findings shall be final in the case of acquittal. In the event of conviction the Chief of the Washington State Patrol is empowered to determine the proper disciplinary action and declare the same by written order served upon the officer complained of."

Laws of 1943, chapter 205, § 6, p. 638; Rem. Supp. 1943, § 6362-71 [*cf.* RCW 43.43.100].

"Sec. 6. Any officer subjected to disciplinary action may, within ten (10) days after the service of the order of disciplinary action upon him, apply to the Superior Court of Thurston County for a writ of review for the purpose of

having the reasonableness and lawfulness of the order inquired into and determined. . . ."

Laws of 1943, chapter 205, § 7, p. 639; Rem. Supp. 1943, § 6362-72 [cf. RCW 43.43.110].

"Sec. 7. If as a result of any trial board hearing, or review proceeding, any officer complained of is found not guilty of the charge or charges against him, he shall be immediately reinstated to his former position and be reimbursed for any loss of salary suffered by reason of the previous disciplinary action."

Petitioner's entire argument stems from the claim that the quoted statutes give the chief of the Washington state patrol a choice of two separate methods of discipline. Petitioner urges that these two methods of discipline, as they appear in § 2, *supra,* and § 3, *supra,* are mutually exclusive; that by first proceeding under § 2, the chief now exceeds his authority in attempting to proceed under § 3 of the statute and should be prohibited from so doing.

With this we cannot agree.

The statutes are clear and unambiguous. They need no interpretation. The chief is given sufficient power and authority to administer the discipline required to maintain the standards of the patrol. Under § 2 of the statute, he may suspend a member for not more than thirty days. There is nothing in the statutes which indicates that such a suspension is inconsistent with the possibility of having written charges preferred at a later date, which might result in suspension for more than thirty days, or in demotion, or in discharge.

The statutes do not require the chief to make an election of one method of discipline to the exclusion of the other. This becomes more apparent upon a brief analysis of certain disciplinary problems which may arise. For example, a member of the patrol may be charged with a minor infraction of the rules meriting immediate suspension. He is suspended for a period of not more than thirty days under § 2 of the statute. Upon thorough investigation, it appears that the alleged minor infraction is a part of a major one

which, if proved at a public hearing under written charges, may result in demotion or discharge. Can it be said that the more serious charges cannot be pursued because the chief has elected to first act under § 2, pending an investigation? Such would be the result, under petitioner's theory of the statutes.

It is true that disciplinary proceedings, under either § 2 or § 3, may be complete in themselves, but the conclusion does not follow that first proceeding under § 2 necessarily forecloses the subsequent filing of written charges under § 3. These sections may both be used as part of the same proceeding.

Hence, the chief of the Washington state patrol would not exceed his statutory authority and power by holding a public hearing upon the written charges.

Our conclusion makes it unnecessary to pass upon the validity or invalidity of the first notice of suspension served June 10, 1953.

■ Petitioner must exhaust the administrative remedies given him by § 6 of the statutes. *Sunny Brook Farms v. Omdahl*, 42 Wn. (2d) 788, 259 P. (2d) 383 (1953).

The judgment dismissing the petition for a writ of prohibition is affirmed.

GRADY, C. J., MALLERY, and OLSON, JJ., concur.

HAMLEY, J. (concurring in the result)—I agree entirely with the view expressed in the majority opinion, that a suspension invoked under § 2 of the statute does not preclude the chief from thereafter proceeding with disciplinary action under § 3 and subsequent sections.

On this I would only add that petitioner's reference to the common-law principles of election of remedies and *res judicata* seem to me inappropriate. The question is one of statutory construction, and, as indicated by the majority, there is nothing in the statutes which warrants the conclusion that the two disciplinary procedures are mutually exclusive. Cases from other jurisdictions, cited by petitioner, involve statutes which are differently worded and so call for a different construction.

But I do not agree with the majority that the chief invoked the suspension procedure of § 2. The notice of June 10, 1953, as quoted in the majority opinion, makes reference to RCW 43.43.070 (§ 3 of the statute). This is the section which relates to discharge, demotion, or suspension for more than thirty days. The next section, RCW 43.43.080 (§ 4 of the statute), provides for suspension "pending the hearing" referred to in § 3. It is this suspension procedure which was sought to be invoked, and not that of § 2. This is demonstrated not only by the statutory citations in the notice of June 10, 1953, but in the body of that notice, which refers to the filing of formal charges, the right to submit a written resignation or waiver of hearing, and the convening of a trial board.

A further indication that the chief sought to invoke the suspension procedure of § 4, rather than that of § 2, is found in the fact that the second notice, which was concededly for the purpose of following § 4 procedure, is identical with the first notice, except as to the date the suspension was to commence. Respondent's counsel confirms the view here expressed, for he states in his brief:

"There is nothing in or out of the record indicating the chief 'prosecuted to finality' a mode of punishment, or 'selected' a different mode than that provided in section 3, and sections following, chapter 205, Laws of 1943, providing for written charges."

The attempt to invoke the suspension procedure of § 4 was a nullity, because when this notice was served no written complaint was served and no hearing thereon could be said to be pending. Suspensions under § 4 are authorized only "pending such hearing." Powers conferred upon a public officer can be exercised only in the manner and under the circumstances prescribed by law, and when this is not done, the attempted exercise of such powers is a nullity. *In re Elvigen's Estate,* 191 Wash. 614, 71 P. (2d) 672; *In re Jullin,* 23 Wn. (2d) 1, 158 P. (2d) 319, 160 P. (2d) 1023.

Since the original notice of suspension was a nullity, it does not stand in the way of a legally effectual notice. While

the result is unfortunate from petitioner's standpoint, in that he acquiesced in a void notice of suspension, this does not prevent the chief from starting over again in a legal manner. The principle of estoppel has no application, and petitioner makes no such contention. In legal contemplation, petitioner is chargeable with knowing that the original suspension procedure was invalid. This is in keeping with the principle that everyone is required to take notice of the extent of authority conferred by law on a person acting in an official capacity. See the cases cited in 43 Am. Jur. 73, "Public Officers," § 256, notes 16 and 17.