[No. 13062–5–I. Division One. August 22, 1983.]

BARBARA F. ALTER, *Appellant,* v. ISSAQUAH
DISTRICT COURT, *Respondent.*

*R. M. Holt,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert Wepp-ner, Deputy,* for respondent.

PER CURIAM.—Barbara Alter appeals from a superior court decision denying her application for a writ of certiorari seeking review of an interlocutory decision of the Issaquah District Court.

Alter was charged in Issaquah District Court with the offense of driving while intoxicated. She sought pretrial discovery, and upon the State's unexcused failure to provide the requested information, moved to suppress one witness' testimony. The trial court denied the motion to suppress but continued the trial. Alter then filed a petition for writ of certiorari in the superior court seeking review of that decision. Upon denial of both the petition and a

motion for reconsideration, Alter filed a notice of appeal. The State has moved to dismiss the appeal on the ground that the Superior Court's decision is reviewable only by discretionary review. A commissioner has referred the motion to this court for a decision. We dismiss.

RAP 2.2(c) states:

> If the superior court decision has been entered after a proceeding to review a decision of a court of limited jurisdiction, a party may appeal only if the review proceeding was a trial de novo and the final judgment is not a finding that a traffic infraction has been committed.

The petition for writ of certiorari in this case was a proceeding to review a decision of a court of limited jurisdiction. This review was not a trial de novo. Under the plain language of RAP 2.2(c), no appeal of right is authorized.

Pursuant to RAP 5.1(c), we have considered the notice of appeal as a notice for discretionary review. Alter has demonstrated no ground under RAP 2.3(d) which persuades us to accept review.

Alter's petition for certiorari was brought pursuant to RCW 7.16. The language of the statute provides that a writ of certiorari shall be granted only where "there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." RCW 7.16.040. Alter has not even been convicted, much less exercised her right of appeal to the superior court for any conviction entered. Since she has an adequate remedy by appeal under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction, the writ of certiorari was properly denied. *Bonney Lk. v. Delany*, 22 Wn. App. 193, 588 P.2d 1203 (1978). In this posture, the case is frivolous and would be subject to dismissal. RAP 18.9(c). It is therefore not a basis for discretionary review under RAP 2.3(d).

The State's motion to dismiss is granted, and the matter

is remanded to the Superior Court for execution of its remand to the district court.

Reconsideration denied September 27, 1983.

Review denied by Supreme Court December 2, 1983.