[No. 22190-6-I. Division One. August 7, 1989.]

JOANNE ODEGAARD, *Appellant,* v. EVERETT SCHOOL DISTRICT No. 2, *Respondent.*

---

[12]87 Wn.2d 760, 558 P.2d 162 (1976).

*Julian C. Dewell, Todd Startzel,* and *Anderson, Hunter, Dewell, Baker & Collins,* for appellant.

*Lawrence B. Hannah, Joan Caplan Clarke,* and *Perkins Coie,* for respondent.

COLEMAN, C.J.—Dr. Joanne Odegaard appeals from the trial court order denying her application for a writ of certiorari. She sought review of the Everett School District's decision to transfer her from a principalship to a teaching position.

Odegaard was the principal of Hawthorne Elementary School in 1984–86. She took a sabbatical leave in 1986–87, and when she returned, she served as principal of Silver Lake Elementary School in 1987–88. On February 9, 1988, the Everett School District superintendent notified Odegaard that she would be demoted to a subordinated certificated (teaching) position for the 1988–89 school year.

Odegaard requested a meeting with the District's board of directors pursuant to RCW 28A.67.073, which provides in part that a principal transferred to a teaching position

"shall be given the opportunity to meet informally with the board of directors in an executive session thereof for the purpose of requesting the board to reconsider the decision of the superintendent." RCW 28A.67.073. Odegaard appeared at the March 7, 1988, meeting with her attorney and submitted a 17–page memorandum and 76 pages of exhibits to the board members. The Board informed Odegaard by letter of March 11 that it supported the superintendent's decision to transfer her to a teaching position based on the Board's concerns about her effectiveness as a principal and its belief that the transfer was in the best interests of the District.

Odegaard filed a motion in superior court requesting that the court issue a writ of certiorari or a writ of prohibition to review the legality of the District's actions. In her petition to the court and in oral argument on the motion, Odegaard also asked the court to exercise its inherent powers to review administrative decisions. On April 7, 1988, the trial court entered an order denying the request for the writs and dismissing Odegaard's action.

We first address appellant's argument that the trial court erred by refusing to issue a writ of certiorari to review the District's decision to transfer appellant to a teaching position. The statutory writ of certiorari is an extraordinary remedy. *State ex rel. Gebenini v. Wright,* 43 Wn.2d 829, 830, 264 P.2d 1091 (1953). The grounds upon which such a writ may be granted are delineated in RCW 7.16.040, which provides:

> A writ of review shall be granted by any court . . . when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

All the statutory prerequisites must be present before a writ of certiorari may be granted. *Bridle Trails Comm'ty Club v. Bellevue,* 45 Wn. App. 248, 252, 724 P.2d 1110 (1986). The trial court in the instant case properly declined

to issue the writ because the District's action did not involve the exercise of a judicial function.

 This issue has been resolved by *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 643 P.2d 426 (1982). In the *Williams* case, the Seattle School District decided to eliminate certain principals' positions and transfer them to teaching positions. That transfer was accomplished by the same mechanism, RCW 28A.67.073, as was appellant's transfer. The employees in *Williams* sought superior court review of the decision to transfer them to teaching positions. Our Supreme Court held that those employees were not entitled to a writ of certiorari because a school district does not exercise a "judicial function" when transferring a principal to a teaching position by the mechanism of RCW 28A.67.073:

> The writ of certiorari is available only for review of actions "judicial" in nature. Our courts have developed a 4–part test for determining whether administrative action is quasi–judicial. That test is:
>> (1) whether a court could have been charged with making the agency's decision; (2) whether the action is one which historically has been performed by courts; (3) whether the action involves the application of existing law to past or present facts for the purpose of declaring or enforcing liability; and (4) whether the action resembles the ordinary business of courts as opposed to that of legislators or administrators.
>
> *Washington Fed'n of State Employees v. State Personnel Bd.,* 23 Wn. App. 142, 145–46, 594 P.2d 1375 (1979).
> The procedural apparatus of RCW 28A.67.073 is only a shadow of a judicial hearing. When a superintendent transfers an administrator to a "subordinate certificated position", he or she must notify the employee of the reasons for the transfer and identify the position to which the administrator will be transferred. The administrator may then request "to meet informally with the board of directors in an executive session thereof for the purpose of requesting the board to reconsider the decision of the superintendent." Furthermore,
>> At such meeting the administrator shall be given the opportunity to refute any facts upon which the determination was based and to make any argument in support of his or her request for reconsideration. The administrator and the board may invite their respective legal counsel to be present and to participate at the meeting. The board shall notify the

administrator in writing of its final decision within ten days following its meeting with the administrator.

RCW 28A.67.073. From this statute, respondents infer that a "hearing" must be convened to "review the Superintendent's exercise of administrative discretion." (Italics omitted.) Brief of Respondents, at 10. From the statute, respondents derive a right of counsel, board responsibility to interpret the statute, determination of individual rights, and the making of a verbatim record. Thus, they conclude that the statute involves the ordinary business of the courts.

Respondents' inferences from the statute are not well supported by the language of the statute. No hearing is required; the statute provides only for an informal meeting with the board. While counsel may be present and participate in the meeting, the statute does not indicate that formal legal representation with direct and cross–examination is permissible. The board need only interpret the statute to the extent it must decide whether the superintendent's decision was in the "best interests of the district." No findings of fact need be rendered; no reasons need be articulated; no verbatim record is required. The board's reconsideration of the superintendent's decision is quite discretionary. While strict adherence to judicial process is not required to make an administrative tribunal's decision "quasi–judicial", correspondingly, the form in which the

> administrative body assembles itself for a hearing and the fact that it takes testimony and resolves disputed questions of fact and enters findings and conclusions, do not per se make its functions judicial or quasi–judicial rather than administrative.

*Green v. Cowlitz Cy. Civil Serv. Comm'n*, 19 Wn. App. 210, 215, 577 P.2d 141 (1978).

The dispositive criterion for determining if the board's action is quasi–judicial is whether the board's determination of what is in the best interests of the district is easily susceptible to judicial review. The board need only "reconsider" whether the superintendent's decision is "in the best interests of the school district." The written statement of its decision need not articulate reasons or justifications. Like the initial decision of the superintendent, the board's reconsideration is no more than an exercise of administrative discretion.

Applying the 4–part test of the *Federation* case, we may concede to respondents that a court could have been charged with making the board's decision, and that historically such decisions have been considered judicial (the ancestor of RCW 28A.67.073, RCW 28A.67.070, articulates a judicial process). But the board's determination of what is in the best interests of the school district is not appropriately characterized as an

application of law to fact, and the broad discretionary author-
ity the statute confers upon the board does not resemble the
ordinary business of the courts.

(Footnote omitted.) *Williams,* at 218–21. Accordingly,
appellant was not entitled to a statutory writ of certiorari.

Appellant attempts to distinguish *Williams* by pointing
out that the District's decision to transfer principals in that
case involved many employees and was motivated by eco-
nomic concerns. Appellant agrees that the District's deci-
sion in that case was administrative in nature, but argues
that her case was unlike *Williams* and judicial in nature
because the decision to transfer her was based on her job
performance. Appellant's distinction, however, makes no
difference because the court's analysis in *Williams* per-
tained to whether the decision–making process created by
RCW 28A.67.073 was judicial or administrative in nature.
As can clearly be seen from the *Williams* analysis repro-
duced in full, *supra,* the court's decision did not hinge on
the substance of the Board's decision, but instead depended
on the character of the decision–making process created by
RCW 28A.67.073. That process is not judicial in nature.
Accordingly, the decision to transfer appellant, having been
made pursuant to RCW 28A.67.073, was not reviewable by
a statutory writ of certiorari. *Williams,* at 220.

Appellant also argues that she was entitled to a statutory
writ because of alleged due process errors in the Board's
application of RCW 28A.67.073. Even if such violations did
occur, they do not justify the issuance of a writ because
they are no substitute for the otherwise absent mandatory
requirement that the underlying action taken by the Dis-
trict be judicial in character. The trial court did not err by
refusing to issue the writ of certiorari in this case.

We next address appellant's argument that the court
should have reviewed her allegations regarding the Dis-
trict's handling of her transfer under its inherent powers to
review "administrative actions which may be deemed arbi-
trary and capricious or illegal". *Bridle Trails Comm'ty Club
v. Bellevue,* 45 Wn. App. 248, 253, 724 P.2d 1110 (1986).

Appellant raised this issue in the trial court in briefing and during oral argument in the hearing on the application for a writ. The trial court declined to review the matter under its inherent powers because appellant had an alternative remedy at law.

■ The trial court's exercise of its inherent right to review administrative decisions is entirely discretionary. *Bridle Trails,* at 252. An application for the court to exercise this power "is rarely granted where a petitioner has failed to take advantage of another avenue of review without an adequate excuse." *Bridle Trails,* at 254.

Counsel for respondent argued to the trial court during the hearing on appellant's application for a writ that appellant had filed a second lawsuit alleging deprivation of federal rights under color of state law and petitioning the court to exercise its inherent power to review arbitrary, capricious, and illegal administrative actions. Appellant's counsel acknowledged the existence of this second lawsuit during the argument. The existence of this second lawsuit indicates that appellant has an adequate remedy at law to address her allegations, and the existence of that lawsuit provides a tenable basis for the trial court's decision not to exercise its inherent right of review at issue in this appeal. *Bridle Trails,* at 255.

The judgment of the trial court is affirmed.

PEKELIS, J., and WILLIAMS, J. Pro Tem., concur.