# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | ) ) ) ) | No. 72462-2-I |
| Respondent, | ) ) ) | |
| v. | ) ) ) | |
| BOARD OF INDUSTRIAL INSURANCE APPEALS OF THE STATE OF WASHINGTON; MARK JAFFE, in his official capacity; JANET WHITNEY, in her official capacity; CHARLES MCCULLOUGH, in his official capacity, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| TESORO REFINING & MARKETING COMPANY, LLC, | ) ) ) | ORDER GRANTING MOTION TO PUBLISH OPINION |
| Intervenor/Appellant, | ) ) ) | |
| UNITED STEEL WORKERS OF AMERICA, | ) ) ) ) | |
| Intervenor. | ) ) ) | |

Respondent filed a motion to publish the court's opinion entered January 26, 2015. Intervenor/Appellant filed a response expressing no objection to the motion.

After due consideration, the panel has determined that the motion should be granted.

Now therefore, it is hereby

No. 72462-2-I

ORDERED that the Respondent's motion to publish the opinion is granted.

Done this 10th day of March, 2015.

FOR THE PANEL:

_Verellen, ACJ_

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2015 MAR 10 AM 11: 20

2

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | ) ) ) ) | No. 72462-2-I |
| Respondent, | ) ) ) | |
| v. | ) ) ) | |
| BOARD OF INDUSTRIAL INSURANCE APPEALS OF THE STATE OF WASHINGTON; MARK JAFFE, in his official capacity; JANET WHITNEY, in her official capacity; CHARLES MCCULLOUGH, in his official capacity, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| TESORO REFINING & MARKETING COMPANY, LLC, | ) ) ) | |
| Intervenor/Appellant, | ) ) | |
| and | ) ) | |
| UNITED STEEL WORKERS OF AMERICA, | ) ) ) | PUBLISHED OPINION |
| Intervenor. | ) ) ) | FILED: January 26, 2015 |

VERELLEN, A.C.J. — Tesoro Refining and Marketing Company, LLC (Tesoro)
appeals from a superior court order issuing a statutory writ of review and directing the
Board of Industrial Insurance Appeals (Board) to allow the Department of Labor and

Industries (Department) to present one month of testimony "in colloquy" regarding 29 citations for worker-safety violations vacated by the Industrial Appeals Judge (IAJ) on partial summary judgment. Because the Department's right to appeal the IAJ's orders denying colloquy provides an adequate remedy, the extraordinary remedy of a writ of review is unavailable.

We reverse the superior court's order granting a statutory writ of review and remand to the Board for further proceedings consistent with this opinion.

## FACTS

A 2010 explosion at Tesoro's Anacortes oil refinery killed several workers. The Department issued 45 citations to Tesoro after a six-month investigation. In January 2011, Tesoro appealed, and the Board assigned IAJ Mark Jaffe as the hearing officer. Tesoro moved for partial summary judgment in March 2012. IAJ Jaffe granted partial summary judgment for Tesoro, vacating 29 citations. The remaining citations are scheduled for hearings beginning in February 2015.

In March 2014, the Department sought to present one month of testimony in colloquy related to the 29 vacated citations. The Board's regulation authorizing the colloquy procedure provides:

> **Offers of proof in colloquy.** When an objection to a question is sustained an offer of proof in question and answer form shall be permitted unless the question is clearly objectionable on any theory of the case.[1]

IAJ Jaffe denied the Department's request to place evidence in colloquy, concluding that the offer of proof regulation did not apply. At the Department's request, a senior

---

[1] WAC 263-12-115(9).

2

IAJ reviewed the order denying colloquy and denied any relief.[2] The Department then sought a statutory writ of review in Skagit County Superior Court. Tesoro and the United Steel Workers of America intervened. The superior court granted the statutory writ of review and directed the Board to allow the testimony in colloquy.

Tesoro appeals.

## ANALYSIS

"A writ of review is an extraordinary remedy granted by statute."[3] We review a superior court's order granting a statutory writ of review de novo.[4] We review "the challenged administrative decision on the record of the administrative tribunal, not of the superior court operating in its appellate capacity."[5]

RCW 7.16.040 states the grounds for granting a writ of review:

> A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

---

[2] "[I]nterlocutory rulings of the industrial appeals judge are not subject to direct review by the board," but a party that receives "an adverse ruling from an industrial appeals judge [may] request a review by a chief industrial appeals judge or his or her designee." WAC 263-12-115(6)(a).

[3] City of Seattle v. Holifield, 170 Wn.2d 230, 239, 240 P.3d 1162 (2010); see City of Seattle v. Williams, 101 Wn.2d 445, 455, 680 P.2d 1051 (1984) ("[S]tatutory writs should be granted sparingly when used as a method of review of interlocutory decisions of courts of limited jurisdiction.").

[4] Nichols v. Seattle Hous. Auth., 171 Wn. App. 897, 902-03, 288 P.3d 403 (2012).

[5] Id. at 904.

A superior court may grant a statutory writ of review only if (1) there is no appeal or adequate remedy at law and (2) the inferior tribunal, board, or officer acted illegally.[6] Both requirements must be satisfied.[7]

Tesoro contends that the Department has an adequate remedy by appeal. We agree. If a party has a statutory right to appeal, a statutory writ of review is unavailable.[8] "'The fact that an appeal will not lie directly from an interlocutory order is not a sufficient basis for a [statutory] writ of review if there is an adequate remedy by appeal from the final judgment.'"[9]

Here, the Department has no right to an immediate appeal to the Board. But once the IAJ enters a proposed decision and order, the Department may file a petition for review with the Board.[10] The Board reviews an IAJ's proposed decision and order de novo and can substitute its judgment for that of the IAJ.[11] Review extends to interlocutory rulings, including evidentiary matters.[12] Taking testimony in colloquy under WAC 263-12-115(9) is a form of an offer of proof, analogous "to an 'offer of proof' under

---

[6] RCW 7.16.040.

[7] Commanda v. Cary, 143 Wn.2d 651, 655, 23 P.3d 1086 (2001); State v. Epler, 93 Wn. App. 520, 524, 969 P.2d 498 (1999).

[8] E.g., Coballes v. Spokane County, 167 Wn. App. 857, 865, 274 P.3d 1102 (2012).

[9] Commanda, 142 Wn.2d at 656 (quoting Epler, 93 Wn. App. at 525).

[10] RCW 51.52.104; WAC 263-12-145.

[11] Rosales v. Dep't of Labor & Indus., 40 Wn. App. 712, 715, 700 P.2d 748 (1985); Stratton v. Dep't of Labor & Indus., 1 Wn. App. 77, 79, 459 P.2d 651 (1969); WAC 263-12-145(4)(c) ("After review of the record, the board may set aside the proposed decision and order and remand the appeal to the hearing process, with instructions to the [IAJ] to whom the appeal is assigned on remand, to dispose of the matter in any manner consistent with chapter 263-12 WAC.").

[12] RCW 51.52.104-.106; WAC 263-12-145.

Evidence Rule 103(a) and (b)."[13] Specifically, the denial of a request to present testimony in colloquy may be raised in a petition for review.[14] Therefore, the Department may challenge the IAJs' orders declining to take testimony in colloquy as part of its statutory appeal.

The Department contends that the issue is likely to evade review because the Board may reach the merits of the partial summary judgment orders without addressing whether the testimony should have been taken in colloquy. But on a petition for review, the Board can determine what its regulation means in this context and fashion an appropriate remedy if the IAJ improperly denied colloquy. The Board has broad authority to order the IAJ to take additional evidence.[15] Even if the remedy takes the form of the Board reversing the IAJ's partial summary judgment orders and directing the IAJ to take additional evidence, that would be an adequate remedy.[16]

---

[13] In re Herman L. Goddard, No. 95 1468, 1997 WL 316445, at *1 n.1 (Wash. Bd. of Ind. Ins. Appeals Apr. 24, 1997); ER 103(b) ("The court may direct the making of an offer [of proof] in question and answer form.").

[14] In re S. Tacoma Nissan, Inc., No. 870448, 1988 WL 169418, at *1 (Wash. Bd. of Ind. Ins. Appeals Dec. 1, 1988) (determining that an IAJ's denial of the Department's request to present evidence in colloquy was not prejudicial).

[15] See RCW 51.52.102 ("[T]he board may continue hearings on its own motion to secure in an impartial manner such evidence, in addition to that presented by the parties, as the board, in its opinion, deems necessary to decide the appeal fairly and equitably.").

[16] Additionally, the Department may also appeal the Board's final decision and order to the superior court where the Department may seek "to adduce additional evidence" if "such additional evidence is material and . . . there were reasonable grounds for the [Department's] failure to adduce such evidence in the hearing before the [B]oard." RCW 49.17.150(1). The superior court then "may order such additional evidence to be taken before the [B]oard and to be made part of the record." Id. Although a superior court might decline such a process here, the Department may pursue that additional avenue of recourse as part of its statutory right to appeal.

The Department emphasizes the delay in having to wait for a proposed decision and order before being able to pursue its statutory appeal. While a statutory writ of review may resolve the colloquy issue more expeditiously, that does not render the Department's remedy at law inadequate. "Although the writ [of review] may be convenient, no authority supports its use as a matter of expediency."[17] The Department's theory—that a writ of review is appropriate because it may not seek review of the interlocutory colloquy orders immediately—"would broaden the scope of the statutory writ so as to be generally available rather than to be an extraordinary remedy as consistently held."[18] Such a broad use of the statutory writ of review would be contrary to our Supreme Court's mandate that a "writ of review is an extraordinary remedy."[19]

Therefore, because the Department has an adequate remedy by appeal, we conclude that the superior court erred in granting a statutory writ of review.

Tesoro also argues the other prerequisite for a writ of review is not satisfied. But we need not reach the question of whether the Board acted illegally when it denied the Department's request to present evidence in colloquy. It seems inconsistent to require an IAJ to take weeks of testimony in colloquy on citations that have been vacated on

---

[17] Commanda, 143 Wn.2d at 656.

[18] Id. at 657 (rejecting the argument that a "'remedy by RALJ appeal is inadequate because [the defendants] would have to go through unnecessary trials.'" (internal citation omitted)); see also Williams, 101 Wn.2d at 455 ("Since the RALJ provides a 'speedy and adequate remedy at law' in most instances, we conclude that statutory writs should be granted sparingly when used as a method of review of interlocutory decisions of courts of limited jurisdiction.").

[19] Holifield, 170 Wn.2d at 239; Foster v. King County, 83 Wn. App. 339, 343, 921 P.2d 552 (1996) ("This is an extraordinary remedy reserved for extraordinary situations.").

partial summary judgment when the fundamental purpose of summary judgment is to avoid an unnecessary trial or hearing.[20] Nonetheless, the Board has full discretion to determine whether its colloquy procedure extends to this situation if that issue is raised in a petition for review to the Board.

We also decline to reach Tesoro's alternative arguments regarding venue and procedural requirements for a statutory writ of review.[21]

## CONCLUSION

The Department has an adequate remedy by appeal from the IAJ's proposed decision and order. The statutory writ of review should not have issued because the Department failed to establish a statutory prerequisite.

We reverse and remand to the Board for further proceedings consistent with this opinion.

WE CONCUR:

---

[20] Jacobsen v. State, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977); 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 25:1, at 100 (2d ed. 2009) ("Summary judgment is a procedural device designed to avoid the time and expense of a trial when no trial is necessary.").

[21] At oral argument, the Department suggested that it has obtained new evidence through ongoing discovery that may impact the citations vacated on partial summary judgment. Nothing in this opinion precludes the Department from filing a motion before the IAJ for relief from the partial summary judgment orders based upon newly discovered evidence.