[No. 44923.   En Banc.   June 1, 1978.]

BRUCE T. DUNAWAY, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ET AL, *Respondents.*

*Cordes, Cordes & Younglove* and *Clifford F. Cordes, Jr.,* for appellant.

*Slade Gorton, Attorney General,* and *Peter Scott* and *Ken Elfbrandt, Assistants,* for respondents.

DOLLIVER, J.—By letter on April 28, 1975, plaintiff, a classified employee in the state civil service and a correctional officer at the Washington State Penitentiary in Walla Walla, was notified by Superintendent B. J. Rhay that he was dismissed effective May 13, 1975, because of neglect of duty, insubordination and gross misconduct. Plaintiff appealed to the State Personnel Board (Board) and in an order dated November 3, 1975, the Board reversed the dismissal and suspended plaintiff without pay from May 13, 1975, to October 15, 1975. The action of the Board was affirmed by the Thurston County Superior Court and the matter has been certified to this court by the Court of Appeals. We affirm.

The two issues certified are:

(1) Does the Personnel Board have the statutory authority to impose a suspension on a state employee of 5 months' duration for insubordination, or is the board limited in its power of suspension by RCW 41.06.170?

(2) Where a dismissed employee is reinstated by the Personnel Board to the same position, but is ordered suspended for 5 months, has he been "fully reinstated" within the meaning of RCW 41.06.220(2), so as to be guaranteed "all employee rights and benefits"?

The pertinent portion of RCW 41.06.170 reads:

(1) The [State Personnel] board, in the promulgation of rules and regulations governing suspensions for cause, shall not authorize *an appointing authority* to suspend an employee for more than fifteen calendar days as a single penalty or more than thirty calendar days in any one calendar year as an accumulation of several penalties.

(Italics ours.)

Plaintiff contends the term "an appointing authority" applies to the Board as well as other state agencies and that this section limits the authority of the Board to suspend an employee to no more than 15 days for a single penalty and to an aggregate of not more than 30 days for multiple penalties.

Defendant responds that the purpose of RCW 41.06.170(1) is to protect employees from arbitrary suspensions imposed by the appointing authority and is not intended to apply to the Board. It asserts the Board is not an appointing authority and was established by RCW 41.06 as a quasi–judicial body which impartially hears grievances and rules thereon. *See Gogerty v. Department of Institutions*, 71 Wn.2d 1, 426 P.2d 476 (1967). Defendant makes the further observation that, if the 15/30–days limitation was meant to apply to the Board, the drafter of RCW 41.06 could easily and more logically have written, "No employee shall be suspended for more than 15 days for a single penalty or 30 days on an accumulation."

Plaintiff further contends that, even though he concedes the Board has implicit authority to modify a decision of the Department of Social and Health Services, such authority can go only to a modification specifically authorized by law. Thus, he argues that absent the 15/30–day suspension authorized in RCW 41.06.170, there is no other suspension which may be imposed. We do not agree with plaintiff but rather adopt the views expressed so cogently by the trial court:

In examining the applicable statutes the Court finds that the Personnel Board is limited in the exercise of its

powers only in that it must make Findings of Fact, Conclusions of Law and Judgments after its hearings. This requirement is found in RCW 41.06.190. This statute viewed in light of the general purposes of the act establishing the civil service, as stated in RCW 41.06.010, and a reading of the entire chapter, it seems clear that the Legislature intended the Personnel Board to hear appeals and exercise their expertise in a manner which would allow them to do justice to all who come before them. In this case they found that justice had not been done, though they found the appellant to be insubordinate. Therefore, they modified the harshness of the administrative decision. This Court feels such modifications of the decision of the appointing authority are impliedly authorized by RCW 41.06 et seq. To find otherwise would read into this chapter a restriction on the powers of the Board which was intended by the Legislature to be applied only to the appointing authority.

*See also Savage v. State,* 75 Wn.2d 618, 453 P.2d 613 (1969); *Hama Hama Co. v. Shorelines Hearings Bd.,* 85 Wn.2d 441, 536 P.2d 157 (1975).

While we find no cases in Washington on this precise question, a similar situation has been considered in both Michigan and Arizona. *Groehn v. Corporation & Sec. Comm'n,* 350 Mich. 250, 86 N.W.2d 291 (1957); *State Personnel Comm'n v. Webb,* 18 Ariz. App. 69, 500 P.2d 329 (1972). As the Arizona court said in interpreting a statute framework similar to RCW 41.06:

A.R.S. § 38–910 governs appeals to the Commission, and we find no language in its provisions purporting to limit the action which the Commission may take when it issues its order. In the absence of such limitations a civil service commission has the power to modify, as well as to reverse or affirm the decision of the employing agency. Any other approach would result in an inflexibility inconsistent with the orderly, swift and just disposition of merit system appeals.

(Footnote and citations omitted.) *State Personnel Comm'n v. Webb, supra* at 71.

Plaintiff finally contends that, since RCW 28B.16, which establishes the Higher Education Personnel Board (HEPB)

has a similar 15/30–day suspension limitation, this indicates legislative intent to subject all state personnel, civil service and higher education to the limitation he urges. This analysis is not persuasive in that (a) in contrast to RCW 41.06, there is specific language in RCW 28B.16 defining the HEPB as an appointing authority and (b) in contrast to the Board, the HEPB is a hiring authority which employs persons under the protection of the higher education personnel statute.

Considering the arguments of both sides and reading the state civil service act as a whole, we are persuaded that the view of defendant is correct and hold both that the Board is not limited to 15/30–days in meting out suspensions to state employees covered by RCW 41.06 and that the Board did not exceed its authority in imposing a 5–month suspension on plaintiff.

Although the matter of Board rules and regulations is not before us on this appeal, it was the subject of considerable discussion at oral argument. Defendant acknowledges there are no rules and regulations pertaining to its authority to suspend under RCW 41.06. While this lack is not dispositive in this case, we believe it is not inappropriate for us to suggest that the Board, under authority granted by RCW 41.06.150, promulgate rules and regulations relative to its authority to dismiss, suspend or demote an employee.

RCW 41.06.220(2) relied upon by defendant in its second issue reads:

> Any employee, when *fully reinstated* after appeal, shall be guaranteed all employee rights and benefits, including back pay, sick leave, vacation accrual, retirement and OASDI credits.

(Italics ours.)

Plaintiff argues that, since his dismissal was reversed and he was reinstated to his former position, he should receive back pay from May 13, 1975, through October 15, 1975. We disagree for two reasons: (1) In its conclusions of law, the Board said:

The appellant should not be fully reinstated as of the date of his dismissal but suspended from May 13 through October 15, 1975, and reinstated effective October 16, 1975.

Additionally, the Board ordered:

That the action of the Department of Social and Health Services in dismissing Bruce T. Dunaway be reversed, that Bruce T. Dunaway be suspended from May 13, 1975, through October 15, 1975, and reinstated effective October 16, 1975.

The Board carefully and specifically did not "fully reinstate" plaintiff but only "reinstated" him to his former position.

(2) Furthermore, we believe there is a more reasonable meaning to RCW 41.06.220(2) than that asserted by plaintiff. We believe its purpose is to guarantee that employees who are exonerated after appeal and retain their former positions and are thus fully reinstated will, without further action before the Board, receive all employee rights and benefits to which they would have been entitled from the date of the original disciplinary action. Thus, the validity of the disciplinary action by the appointing authority and the entitlement to back pay as well as other rights and benefits can be resolved in a single action.

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.