2014 NOV -3 AM 9: 34



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CITY OF MEDINA, | ) |
| | ) No. 71157-1-I |
| Respondent, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) PUBLISHED OPINION |
| ROGER L. SKINNER, and the CITY CIVIL | ) |
| SERVICE COMMISSION, | ) |
| | ) |
| Appellant. | ) FILED: November 3, 2014 |
| | ) |

APPELWICK, J. — Skinner appeals the trial court's order granting the City a statutory writ of review to challenge the award of back pay by the Medina Civil Service Commission. He argues that the City was not entitled to seek a statutory writ of review. Although the City did not apply for a constitutional writ of review, Skinner preemptively argues that the City was not entitled to one. The City stipulated at oral argument that if a constitutional writ of review rather than a statutory writ of review was available, the appeal should be resolved as if a constitutional writ of review had been sought. The City contends that the Commission exceeded its authority when it modified Skinner's discipline and awarded him back pay as a remedy. We conclude that the legislature did not intend for the employer to have a right of appeal under RCW 41.12.090, and therefore a statutory writ of review is unavailable. We reverse the trial court and vacate the statutory writ of review. However, a constitutional writ of review is available to the employer. Under the standard for a constitutional writ of review, we conclude that the Commission exceeded its authority

under RCW 41.12.090 when it attempted to determine and award back pay and benefits. The constitutional writ of review is granted. The Commission's order is vacated as to back pay and benefits, but otherwise affirmed.

## FACTS

Lieutenant Roger Skinner was terminated from his position with the City of Medina (City) Police Department on February 15, 2006 for a violation of department standards. Skinner timely appealed his dismissal to the Civil Service Commission (Commission) of the City. On December 21, 2012, the Commission found that the City acted in good faith and with just cause when it disciplined Skinner. But, it found that the City did not have cause to terminate Skinner. The Commission ordered that Skinner's discharge be set aside. Instead of discharge, the Commission ordered that Skinner be suspended without pay and benefits for the period of February 16, 2006 through April 16, 2006. Additionally, it ordered that Skinner be demoted to patrol officer effective February 16, 2006.

Further, the Commission ordered that Skinner was entitled to back pay and benefits as a City patrol officer beginning April 17, 2006 until the date his health precluded his return to work. The Commission said that it would set a hearing at which it would receive evidence as to the implementation of the remedy if the parties could not resolve it via stipulation. Finally, it ordered that it would retain jurisdiction over the matter until resolution of the "remedy phase." The City moved for partial reconsideration challenging the Commission's award of back pay and benefits. The Commission denied the City's motion stating that any issues regarding the offset of Skinner's wages or earnings after his suspension ended would be addressed during the remedy phase of the proceeding.

2

The City applied for a statutory writ of review under chapter 7.16 RCW on February 15, 2013. The City argued that the Commission exceeded its authority in ordering back pay and benefits to Skinner, because he was not fully reinstated to his old position. The trial court granted the City's writ on October 1, 2013.

Skinner appeals.[1] At oral argument the court noted that if it decided the wrong writ had been obtained, the parties would be free to start over and seek the proper writ. However, given the length of the litigation, the court inquired whether the parties wished a ruling on the merits of the Commission's authority under either writ. The parties agreed the record is complete and that the underlying issue is a question of law. Skinner had already addressed the constitutional writ on the merits in his reply brief. The City had not specifically addressed the constitutional writ in its brief. However, it had briefed how the Commission exceeded its authority. The City orally argued that those same arguments satisfied the constitutional writ analysis. The City stipulated that if a constitutional writ rather than a statutory writ was applicable on these facts, that the court should reach the underlying issue as if the proper writ had been sought.

---

[1] The City moved to strike Skinner's reply brief, because it raises new arguments and authority in violation of RAP 10.3(c). The City argues that Skinner raises a new argument in his reply brief that is not responsive to the earlier briefing. Skinner's reply brief is responsive to an argument made in the City's briefing. He rebuts the City's argument that a statutory writ was available. Additionally, he asserts that this court could still find that the City had a constitutional writ available to it. Skinner then asserts the standard for evaluating a constitutional writ of review, as outlined in Federal Way School District No. 210 v. Vinson, 172 Wn.2d 756, 769, 261 P.3d 145 (2011), and addresses the merits of a constitutional writ analysis. Although the City did not have the opportunity to respond to Skinner's reply brief, it stipulated at oral argument to this court reaching the merits of the constitutional writ issue. We deny the City's motion to strike.

DISCUSSION

I. Statutory Writ

The extent of a superior court's authority to grant a writ of certiorari[2] is a question of law. Fed. Way Sch. Dist. No. 210 v. Vinson, 172 Wn.2d 756, 764-65, 261 P.3d 145 (2011). This court reviews the superior court's decision to issue a writ de novo. Commanda v. Cary, 143 Wn.2d 651, 654, 23 P.3d 1086 (2001).

Skinner argues the trial court erred in granting the City's application for a statutory writ of review, because granting one would circumvent the legislature's directive set forth in RCW 41.12.090—the statute that provides the disciplinary procedures for police civil servants. He asserts this is so, because RCW 41.12.090 provides for an appeal only by the disciplined police officer, and not for an appeal by the city. RCW 41.12.090 states, "If such judgment or order be concurred in by the commission or a majority thereof, the accused may appeal therefrom." RCW 41.12.090 (emphasis added).

In Federal Way, the Supreme Court analyzed authorizing a writ of review in the context of RCW 28A.405.320. 172 Wn.2d at 766. RCW 28A.405.320 provides teachers, principals, supervisors, superintendents, and other certificated employees with the right to appeal an adverse employment action. But, it does not provide the school board with a right to appeal a hearing officer's decision. See RCW 28A.405.320. The Federal Way court framed the issue as how to reconcile the legislature's grant of review by statutory writ with the legislature's denial of review to the school district in RCW 28A.405.320. 172 Wn.2d at 768. The court reasoned that allowing the school district to seek review via statutory writ undermines the legislative intent. Id. It reasoned this was so, because the

---

[2] RCW 7.16.030 states that a writ of certiorari may be referred to as a writ of review.

legislature created a procedure for appeal and gave only one party the right to appeal. Id. Seeking a review via statutory writ is a procedure nearly identical to an appeal. Id. In finding the statutory writ unavailable to the district, the court said that a writ of certiorari is clearly not meant to be a substitute for an appeal and cannot be used to circumvent the legislature's clear directive. Id.

The statutory conflict in Federal Way is also present in this case. Here, RCW 41.12.090 grants review only to the accused employee. It does not provide the City with a right to an appeal of the Commission's decisions. While RCW 41.12.090 is a different statute than the statute under consideration in Federal Way, the reasoning in Federal Way is on point. Allowing the City to seek a statutory writ of review under chapter 7.16 RCW would effectively provide the City with a right to appeal. This undermines the legislature's intent in RCW 41.12.090 to provide only the employee with a right of appeal. Therefore, the City is precluded from seeking review via statutory writ. We reverse the trial court and vacate the statutory writ of review.

## II. Constitutional Writ

The fundamental purpose of the constitutional writ of certiorari is to enable a court of review to determine whether the proceedings below were within the lower tribunal's jurisdiction and authority. Saldin Sec., Inc. v. Snohomish County, 134 Wn.2d 288, 292, 949 P.2d 370 (1998). A court will accept review only if the appellant can allege facts that, if verified, would establish that the lower tribunal's decision was illegal or arbitrary and capricious. Federal Way, 172 Wn.2d at 769. In the constitutional certiorari context, illegality refers to an agency's jurisdiction and authority to perform an act. Id. at 770.

5

Here, the Commission found that the City acted in good faith and for cause when Skinner was terminated. However, even though there was just cause to impose discipline on Skinner, it found that the City did not have cause to terminate Skinner from employment altogether. As a result, the Commission set aside Skinner's discharge and ordered suspension without pay and benefits for 60 days (February 16, 2006 through April 16, 2006) instead. Further, the Commission demoted Skinner to patrol officer, and it ordered that Skinner was entitled to back pay and benefits at the level of patrol officer effective the day after his suspension ended until he would otherwise have been unable to serve as a result of his health.[3] The Commission retained jurisdiction over the implementation of the remedy phase and planned to hold an evidentiary hearing if the parties were unable to implement the order by stipulation.

In determining whether the Commission exceeded its authority, we first look to the plain language of RCW 41.12.090. When interpreting a statute, the court's fundamental objective is to ascertain and carry out the legislature's intent. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). If the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent. Id. at 9-10.

RCW 41.12.090 provides the Commission with the authority to review a disciplinary action against a The City police department employee. See RCW 41.12.090. Specifically, it says:

> [I]f [the Commission] shall find that the removal, suspension, or demotion was made for political or religious reasons, or was not made in good faith

---

[3] Skinner admitted to the Commission that he had serious health issues that precluded his return to City employment.

6

for cause, shall order the immediate reinstatement or reemployment of such person in the office, place, position or employment from which such person was removed, suspended, demoted or discharged, which reinstatement shall, if the commission so provides in its discretion, be retroactive, and entitle such person to pay or compensation from the time of such removal, suspension, demotion or discharge. <u>The commission upon such investigation, in lieu of affirming the removal, suspension, demotion or discharge may modify the order of removal, suspension, demotion or discharge by directing a suspension, without pay, for a given period, and subsequent restoration to duty, or demotion in classification, grade, or pay.</u>

RCW 41.12.090 (emphasis added).

The portion of the Commission's order that is in dispute states:

> 6.3 <u>Remedy.</u> Employee is suspended without pay and benefits for a period of sixty (60) days, effective for the period of February 16, 2006 through April 16, 2006. Effective February 16, 2006, Employee is demoted to the rank and classification of patrol officer. Beginning April 17, 2006, Employee is entitled to back pay and benefits as a The City patrol officer at the mid-level of the police officer pay scale, until he would otherwise have been unable to serve as a result of his health condition. The Commission understands that implementation of this remedy will require analysis and discussion between the Parties. The Parties shall have until the next regularly-scheduled Commission meeting in February 2013 to implement this decision by stipulation. Failing that, the Commission will at its February meeting set a hearing at which it will receive evidence as to the implementation of the Commission's remedy.
>
> 6.4 <u>Further Proceedings.</u> The Commission retains jurisdiction over this matter until resolution of the remedy phase of the proceedings.

The Commission clearly acted within its authority by suspending Skinner in lieu of removal, setting the 60 day period of suspension without pay, and then demoting him to patrol officer at a lower level of pay. RCW 41.12.090. This much is not disputed. What is in dispute is whether as part of the modified discipline the Commission could reinstate Skinner retroactively, to a date prior to its order, and whether it could award back pay.

7

No case law interpreting RCW 41.12.090, or other similar civil service statutes,[4] has decided this question.

The City contends that, because RCW 41.12.090 specifically authorizes the Commission to retroactively reinstate the employee and grant back pay when the employee is removed for political or religious reasons or not in good faith for cause, the legislature did not intend to authorize the Commission to do the same when the discipline is only modified. We disagree with the premises of this contention. The statute neither precludes retroactive reinstatement nor explicitly authorizes the Commission to grant back pay. See id.

If the discipline was imposed for religious or political reasons or not in good faith for just cause, the Commission has discretion to set the date for reinstatement. The date is either retroactive to the date of original discipline or immediately as of the date of the Commission's order.[5] If the discipline was imposed in good faith for just cause, the Commission has the discretion to set a period of suspension with subsequent restoration to duty. Id. Nothing in the statute prohibits retroactive restoration to duty. See id. Depending on the length of the suspension and the time elapsed before the Commission enters its order, restoration to duty may be either retroactive or prospective. Whether reversing or modifying a termination or suspension, the Commission exercises statutory

---

[4] RCW 41.14.120 (Sheriff's Office); RCW 41.08.090 (Firefighters).

[5] Why the legislature did not make reinstatement of a wrongfully disciplined employee automatically retroactive is not disclosed in the statute nor in any legislative history. See LAWS OF 1937, ch. 13, § 14. This provision has survived substantively unchanged since at least 1937. See LAWS OF 2007, ch. 218, § 14. The statute is silent as to back pay if the Commission merely reinstates the employee effective immediately. Nothing suggests that the employee is not entitled to such back pay merely because the Commission did not reinstate the employee retroactively. Apparently, the employee is left to pursue both contract and tort remedies in court actions.

discretion to set the date of reinstatement. For the retroactively reinstated employee, the statute mandates the employer to pay compensation back to the time of the original discipline. Id. For the suspended employee, it prohibits pay during the period of suspension.[6] Id.

The Commission has only the authority granted by statute. The statute provides the Commission with the authority to affirm, modify, or reverse discipline. Id. It does not expressly authorize the Commission to award damages or other remedies. See id. We reject Skinner's contention that the Commission has implicit authority to award back pay. Entitlement to pay or compensation from reinstatement, after a period of suspension without pay, flows from the employment contract and any modification to the employee's classification, grade, or pay, not from this statute. Here, the employer's original discipline

---

[6] The City relies on Dunaway v. Soc. & Health Servs., 90 Wn.2d 112, 579 P.2d 362 (1978) for the assertion that an employee is entitled to back pay only when fully reinstated. In Dunaway, the Washington Supreme Court considered the distinction of allowing back pay only for full reinstatement in the context of another statute. Id. at 113. RCW 41.06.220(2) was enacted by initiative in 1961. LAWS OF 1961, ch. 1, § 22. It guarantees back pay and benefits to employees terminated by the state personnel board when "fully reinstated." Dunaway, 90 Wn.2d at 116. The statute enables the exonerated employee to receive all employee rights and benefits and back pay in a single action—without placing the onus on the wronged employee to claim back pay in a separate action. See id. at 117.

On appeal, the employee was suspended without pay for a five month period rather than terminated. Id. at 113. Presumably his salary and benefits resumed as of his reinstatement, because he sued only for back pay and benefits during the period of suspension. Id. at 116-17. The court reasoned that the clear purpose of the statute and the "fully reinstated" designation was to protect employees who are exonerated after appeal. Id. There, the employee was not exonerated. Id. Consequently, he was not entitled to back pay and benefits during the period of suspension. Id. at 117.

Unlike Dunaway, Skinner has not argued he is entitled to pay and benefits during the period of his 60 day suspension. Nothing in that decision addresses pay and benefits owed for employment occurring after reinstatement from suspension. Nothing in Dunaway supports a theory that an employer does not owe the employee the benefits of his employment effective as of the date of his reinstatement.

was effective February 16, 2006. The Commission correctly noted that the 60 day suspension ended on April 16, 2006. On April 17, 2006 Skinner was reinstated just as if the City had imposed only a 60 day suspension and demotion in the first place. He was entitled from that point forward to the benefits of his employment, not by virtue of an award of back pay by the Commission, but by virtue of his employment agreement, albeit at a lower rank and pay grade set by the Commission.[7]

However, after setting the period and dates for Skinner's suspension without pay, the Commission still explicitly ordered that Skinner was entitled to back pay and benefits until the time he would otherwise have been unable to serve as a result of his health condition. The Commission asserted that it would retain jurisdiction over the matter until the remedy phase of the proceedings were resolved. It reserved the right to hold an evidentiary hearing retaining the implementation of the remedies if the parties were unable to resolve it themselves. Then, in denying the City's motion for reconsideration, the Commission stated, "Any issues regarding the remedy, including offset of Appellant's wages or earnings during the period following April 16, 2006 may be addressed in the remedy phase of this proceeding." Once the Commission asserted authority to control the determination of Skinner's remedy and damages flowing from the City's conduct, it exceeded the authority provided to it under RCW 41.12.090. If the City does not honor its employment compensation obligations to Skinner, his remedy is in court, not before the Commission.

---

[7] We do not address whether the pay and benefits on reinstatement are otherwise subject to limitation under other legal theories not presented to us.

A statutory writ of review is not available to the City. The trial court's grant of a statutory writ of review is vacated. The City is granted a constitutional writ of review. The Commission acted illegally to the extent it purported to retain jurisdiction to award back pay. The portion of the Commission's order entered December 21, 2012 consisting of paragraph 6.3, except the first two sentences, and paragraph 6.4 are vacated. Skinner's 60 day suspension with reinstatement on April 17, 2006, at reduced rank and pay grade is otherwise affirmed.

WE CONCUR: